Catron, Ch. J.
delivered the opinion of the court.
To this writ of error, the act of 1801, ch. 6, sec. 64, is pleaded, to wit: That Henly, before its prosecution, had filed a bill, and obtained an injunction in the chancery court at M’Minnville, which stayed the collection of the judgment at law. To this it is replied, that plaintiff in error, after the writ of error was granted, but before he assigned errors, had dismissed his bill.
The act provides, that a judgment on confession at law, or filing an injunction in equity, shall be equal to a release of errors.
So soon as the writ of injunction was made to operate on the defendants in error, it worked a release of all errors at law, as if the judgment had been confessed. That the plaintiff, Henly, after he had superseded the judgment, dismissed his bill, is immaterial. One object was a prevention of divers supersedeas’. The spirit of our Legislation is, that there shall issue but one, at law or in equity, 1821, ch. 7.
The act of 1801, has at all times been deemed to conclude the party from disturbing the judgment enjoined. The act of 1S17, ch. 199, acting on this assumption, has ordered that judgment shall be entered upon the dissolution of the injunction against the complainant and his securities to the injunction bond, for the judgment below. To allow the judgment at law to be reversed, and that in the chancery court standing in full force, would produce great confusion. This case furnishes a fair instance. *173 The miunction was dissolved m the chancery court, and • 1 , T , , , ,. , , / . : , judgment rendered on the bond lor the debt enjoined. Then Henly dismissed his bill. A very common course. Yet the judgment in the chancery court is in full force. Were we to reverse this, what would be done with that? It is difficult to conjecture. That no attempt has heretofore been made to prosecute a writ of error after an injunction filed, is good evidence of the non-existence of the power. Let the writ of error be dismissed with costs.
Fletcher, Laughlin and Anderson, for plaintiff in error.
F. B. Fogg, for defendant.
Writ of error dismissed.